```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

JAMES H. DIXON, III,

                Plaintiff,

vs.                              Case No.   3:05-cv-1153-J-33HTS

GORDON R. ENGLAND, SECRETARY OF THE
NAVY; ROBERT J. BULL; and BRADLEY L.
HALLOCK

                Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendants' Motion to Dismiss Robert J. Bull and Bradley L. Hallock (Doc. # 9), filed on September 25, 2006.  Plaintiff's Answer to Defendants' Motion to Dismiss (Doc. # 10) was filed on October 10, 2006.  For the reasons stated herein, Defendants' Motion to Dismiss is due to be GRANTED.

In their Motion to Dismiss, Defendants Robert J. Bull and Bradley L. Hallock argue that Plaintiff's claims against them should be dismissed because they are improper parties to this litigation pursuant to 42 U.S.C. § 2000e-16(c).  Plaintiff, apparently believing that Defendants had asserted the defense of qualified immunity, argues that qualified immunity should not apply in this case.

Plaintiff's claims against Defendants in their individual capacities arise under the Age Discrimination in Employment Act, 29

U.S.C. § 621, et. seq., and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et. seq. (See Doc. # 1, p. 1.) The Eleventh Circuit has held that there is no individual responsibility under either the ADEA or Title VIII. See Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Smith v. Lomax, 45 F.3d 402, 404 (11th Cir. 1995) (quoting Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.")); Smith, 45 F.3d at 404 (quoting Birbeck v. Marvel Lighting Corp., 30 F.3d 507, 511 (4th Cir.), cert. denied, 513 U.S. 1058 (1994)("The ADEA limits civil liability to the employer.")).  Because there is no individual responsibility under Title VII and the ADEA, Plaintiff's claims against Defendants Bull and Hallock must be dismissed for failure to state a claim.  See Mason, 82 F.3d at 1009 (concluding that where the plaintiff asserted such claims against an individual defendant, "[t]he lack of any law upon which to base a claim against a defendant calls for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) . . .").  Plaintiff may not be permitted to proceed against Defendants Bull and Hallock, as neither can be found liable in his individual capacity under either the ADEA or Title VII.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1.  Defendants' Motion to Dismiss Robert J. Bull and Bradley L. Hallock (Doc. # 9) is **GRANTED.**

2.  Plaintiff's claims against Defendants Bull and Hallock in their individual capacities are **DISMISSED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>14th</u> day of March, 2007.

                                                            VIRGINIA M. HERNANDEZ COVINGTON
                                                            UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
Pro se parties, if any